NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUMBERTO GIMENEZ, | |
| Plaintiff, | CIVIL NO. 06-752 (SRC) |
| v. | |
| | **OPINION** |
| MORGAN STANLEY D.W., INC. | |
| Defendant. | |

**CHESLER, District Judge**

**THIS MATTER** comes before the Court on a complaint (docket entry #1), filed by the Plaintiff, Humberto Gimenez ("Gimenez"), against the Defendant, Morgan Stanley D.W., Inc. ("MSDW"). The Court, having reviewed the Plaintiff's filing, concludes that the Plaintiff's action here is frivolous. Accordingly, the case is dismissed, in its entirety, on the Court's own motion pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### I. BACKGROUND OF THE CASE

Plaintiff filed the current complaint on or about February 15, 2006, *in forma pauperis*. According to his Complaint, the Plaintiff is the sole owner of a New Jersey corporation, Humberto Giminez Corp. (the "Corporation"). The Corporation had a brokerage account with the Defendant, MSDW. The Plaintiff alleges that he ordered MSDW to purchase 500,000 shares of a certain stock at a specified market price of $0.001 per share for the Corporation's account.

1

The Plaintiff claims that MSDW proceeded to purchase 395,000 shares of that stock at a price of $0.04 per share on behalf of the Corporation's account.  The stock was later sold at a loss of over $5,000.

## II. DISCUSSION

The Plaintiff is bringing suit as the sole owner of the Humberto Gimenez Corporation for the corporation's losses.  Under the derivative injury rule, however, "a shareholder (even a shareholder in a closely-held corporation) may not sue for personal injuries that result directly from injuries to the corporation." In re Kaplan, 143 F.3d 807, 811-12 (3d Cir. 1998) (citing Singletary v. Continental Ill. Nat'l Bank & Trust Co., 9 F.3d 1236, 1240 (7th Cir.1993); Mid-State Fertilizer v. Exchange Nat'l Bank, 877 F.2d 1333, 1335 (7th Cir.1989); Pitchford v. PEPI, Inc., 531 F.2d 92, 97 (3d Cir.1975)).  The injuries being claimed here are losses to a brokerage account held in the name of the Humberto Gimenez Corporation.  Any injury to Mr. Gimenez personally is a result of financial losses to the corporation of which he is the sole shareholder.  Because the Plaintiff has not alleged any injury separate and distinct from the alleged harm to the corporation, and all damages being claimed are exclusively from the Plaintiff's status as a shareholder in the Corporation, he lacks the requisite standing to sue as an individual in this case.[1]

While *pro se* complaints must be construed liberally, with due regard for providing

---

[1] It is worth noting that the Plaintiff has previously attempted to file these identical claims in this Court via an *in forma pauperis* motion in the name of the Corporation.  This Complaint was dismissed on November 15, 2005 on the grounds that a corporation is not eligible for *in forma pauperis status* and also must be represented by an attorney in all federal trial proceedings. See Humberto Gimenez Corp. v. Morgan Stanley D.W., Inc., Docket No. 3:05-cv-4623-WJM (D.N.J. 2005).

adequate access to the courts for those Plaintiffs lacking the assistance of counsel, *in forma pauperis* complaints are subject to judicial scrutiny since these litigants, "unlike a paying litigant, lack[] an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). To safeguard against such suits, courts shall dismiss *in forma pauperis* actions if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Out of respect for the goal of ensuring equality in consideration for all litigants, the initial assessment of an *in forma pauperis* complaint must weigh all factual allegations in the Plaintiff's favor. See Denton v. Hernandez, 504 U.S. 25, 26 (1992). Even under this standard, however, the Court finds, for the reasons stated above, that the Plaintiff lacks standing to bring the current lawsuit. Accordingly, the Plaintiff's claims are **DISMISSED**.

### III. CONCLUSION

For the reasons stated above, and for good cause shown, the Court orders this action **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). An appropriate form of order will be filed herewith.


Date:   March 15, 2006


    s/Stanley R. Chesler  
Stanley R. Chesler, U.S.D.J.